Joseph S. Fogel; CSB#156746
Theodore Slater;  CSB#267479
**FOGEL & ASSOCIATES**
16133 Ventura Boulevard
Penthouse Suite
Encino, California 91436
Telephone:  (818) 986-7100
Facsimile:  (818) 986-7106

Attorneys for:
Plaintiffs ANDREW HORNE and KAREN HORNE.

## UNITED STATES DISTRICT COURT -

## CENTRAL DISTRICT OF CALIFORNIA – Western Division (Los Angeles)

| | |
|---|---|
| ANDREW HORNE, et al, | ) **Case No:  2:13-cv-04911-MMM-JC** |
| | ) |
| Plaintiff(s), | ) **NOTICE OF *EX PARTE* APPLICATION** |
| | ) **AND *EX PARTE* APPLICATION OF** |
| vs. | ) **PLAINTIFFS ANDREW HORNE AND** |
| | ) **KAREN HORNE FOR AN ORDER** |
| | ) **REMANDING REMOVED ACTION TO** |
| WELLS FARGO HOME MORTGAGE, et al. | ) **STATE COURT;  DECLARATION OF** |
| | ) **ATTORNEY THEODORE SLATER IN** |
| Defendant(s). | ) **SUPPORT OF *EX PARTE*** |
| | ) **APPLICATION;  EXHIBITS A-B.** |
| | ) |
| | ) [Removed July 9, 2013 from California |
| | ) Superior Court, Los Angeles County, |
| | ) Northwest District, Case # LC100184] |
| | ) |
| | ) ***Ex Parte* Hearing** (if any): |
| | )     **Date:** _____ |
| | **Time:** _____ |
| | **Dept:** _____ |

**TO THE HONORABLE US DISTRICT COURT JUDGE MARGARET M.**

**MORROW, TO DEFENDANT WELLS FARGO BANK, N.A. AND ITS ATTORNEYS**

**OF RECORD, AND TO ALL OTHER INTERESTED PARTIES AND THEIR**

**COUNSEL:**

**PLEASE TAKE NOTICE** that on _____, 2013, at _____ am/pm, in

Department _____, or as soon thereafter as the matter may be heard in the above-entitled

court located at 255 East Temple Street, Los Angeles, California 90012, Plaintiffs Andrew Horne

and Karen Horne (hereinafter "Plaintiffs") will and hereby do apply *ex parte* for an order

remanding the instant removed action back to the California Superior Court, Los Angeles

County, Northwest District, Case number LC100184 (hereinafter the "*Ex Parte* Application").

Good cause exists for this *Ex Parte* Application to be granted due to the standing Second

Amended Complaint filed by Plaintiffs on July 24, 2013 alleging no civil action(s) arising under

the Constitution, laws or treaties of the United States as defined by 28 United States Code

("U.S.C."), Section 1331.  As a result this Court is without subject matter jurisdiction over the

instant action and an order pursuant to 28 U.S.C. §1447(c) remanding this action back to

California Superior Court, Los Angeles County, Northwest District, Case number LC100184

(hereinafter the "State Case") is proper.

This *Ex Parte* Application is based upon this *Ex Parte* Application, the within

Memorandum In Support of *Ex Parte* Application, the attached Declaration of Attorney

Theodore Slater (hereinafter "Declaration of Slater"), the attached Exhibits, any documents of

which this Court is asked to take judicial notice, the pleadings, documents and records on file in

this case, and upon such other oral and documentary evidence as may be offered at the time of

the hearing on the *Ex Parte* Application.

Pursuant to the US District Court, Central District of California, Local Civil Rules

("L.R."), Rule 7-19 the name, address, telephone number and e-mail address of counsel for the

opposing party(ies) is as follows:

Counsel for Defendant Wells Fargo Bank, N.A.:  Melissa Marie Coyle; Anglin,

Flewelling, Rasmussen, Campbell and Trytten LLP, 199 South Los Robles Avenue, Suite #600,

Pasadena, California 91101-2459;  Telephone (626) 565-1900;  Email mcoyle@afrct.com.

Counsel for Co-Defendant Regional Service Corporation:  No appearance has been made

in the within action by Co-Defendant Regional Service Corporation.

///

---

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS ANDREW HORNE
AND KAREN HORNE FOR AN ORDER REMANDING REMOVED ACTION TO STATE COURT - 2

1    DATED:  August 7, 2013       BY:    **FOGEL & ASSOCIATES**

2                                         16133 Ventura Blvd.
                                        Encino, CA 91436

3

4                                         _____/s/ Joseph S. Fogel_____
                                        Joseph S. Fogel; Attorneys for Plaintiffs

5                                         ANDREW HORNE and KAREN HORNE.

6    ///

7    ///

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

## STATEMENT OF FACTS

On April 17, 2013 the Complaint in the State Case was filed by the Plaintiffs, alleging various causes of action arising from the wrongful foreclosure of Plaintiffs residential real property located at 6228 Penfield Avenue, Woodland Hills, California 91367 (hereinafter the "Property").  Declaration of Slater, Page 2, Paragraph 3.  On July 2, 2013 Plaintiffs filed a First Amended Complaint in the State Case, alleging a cause of action for violation of 12 U.S.C. §2605.  Declaration of Slater, Page 2, Paragraph 4.  On July 9, 2013 Defendant in the within action, Wells Fargo Bank, N.A. (hereinafter "Wells") filed a Notice of Removal (Doc #1), thereby removing the State Case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(a).   A true and correct copy of Wells' Notice of Removal (exhibits not attached) is attached as "Exhibit A" and incorporated herein by reference[1];  Declaration of Slater, Page 2, Paragraph 5.

On July 24, 2013 Plaintiffs filed the Second Amended Complaint (hereinafter the "SAC") in the instant action (Doc #13), which was ordered filed and processed by this Court on or about July 26, 2013 (Doc #12)[2].  Declaration of Slater, Page 2, Paragraph 6;  A true and correct copy of the SAC (exhibits not attached) is attached as "Exhibit B" and incorporated herein by reference. The SAC contains no causes of action for violation of 12 U.S.C. §2605, nor any other federal statute, law or treaty for that matter.

---

[1]   Plaintiffs request this Court to take judicial notice of the fact of the filing of said Notice of Removal pursuant to California Evidence Code, Section 452, (d) and (h), on the grounds that said document is a matter of public record the contents of which are not reasonably subject to dispute and which are capable of immediate and accurate determination.

[2]   On or about July 22, 2013 this Court struck Plaintiff's attempt to file the SAC electronically on July 19, 2013. Said in chambers order was for failure to comply with the fling procedures of L.R. 3-2.

On or about August 19, 2013, Defendant Wells has calendared a non-judicial foreclosure sale of Plaintiff's Property.  Declaration of Slater, Page 2, Paragraph 7.

## **ARGUMENT**

This Court should order the instant action remanded back to the State Case, as the recently filed SAC does not grant this Court any grounds for federal question jurisdiction. Exhibit B;  Declaration of Slater, Page 3, Paragraph 8.  In addition, the proximity of the non-judicial foreclosure sale of Plaintiff's Property renders the relief requested in the Application upon an *Ex Parte* basis proper.  Declaration of Slater, Page 2, Paragraph 7, Page 3, Paragraphs 9-10.

There is good cause for this Court to grant the party(ies) moving for the relief requested in the Application upon an *Ex Parte* basis.  Mission Power Engineering Co. v. Continental Cas. Co. (CD CA 1995) 883 F.Supp. 488, 492 [application must show why moving party has good cause for *ex parte* relief].  In the instant case, a non-judicial foreclosure of Plaintiff's Property looms less than two (2) weeks away.  Declaration of Slater, Page 2, Paragraph 7.  As a result, this action must be remanded back to the State Court upon an *Ex Parte* basis in order to allow Plaintiff a reasonable opportunity to prepare and have heard a Temporary Restraining Order and Preliminary Injunction hearing in the State Case enjoining the wrongful foreclosure of Plaintiff's Property.  Declaration of Slater, Page 3, Paragraphs 9-10.

In addition, the party(ies) moving for the relief requested in this *Ex Parte* Application are without fault in creating the circumstances necessitating relief upon an *Ex Parte* basis.  In re Intermagnetics America, Inc. (CD CA 1989) 101 BR 191, 193.  Plaintiffs in the instant case were denied an opportunity to contest the initial removal of the State Case to this Court on July 9,

2013.  Declaration of Slater, Page 2, Paragraph 5.  Thereafter, Plaintiffs diligently filed the SAC which does not allege a single cause of action arising from any federal statute, law or treaty as defined in 28 U.S.C. §1331.  Exhibit B.  Finally, Defendant Wells upon its own initiative has calendared a non-judicial foreclosure of Plaintiff's Property on August 19, 2013, affording Plaintiffs little time to move for this controversy to be remanded back to its proper forum where Plaintiffs intend to move for a Temporary Restraining Order and Preliminary Injunction enjoining the wrongful foreclosure of the Property.  Declaration of Slater, Page 3, Paragraphs 9-10.

## CONCLUSION

For the reasons set forth above the relief requested in the *Ex Parte* Application should be granted.

DATED:  August 7, 2013            BY:    **FOGEL & ASSOCIATES**
                                          16133 Ventura Blvd.
                                          Encino, CA 91436


                                          _____/s/ Joseph S. Fogel_____
                                          Joseph S. Fogel; Attorneys for Plaintiffs
                                          ANDREW HORNE and KAREN HORNE.

1  Joseph S. Fogel; CSB#156746
2  Theodore Slater; CSB#267479
   **FOGEL & ASSOCIATES**
3  16133 Ventura Boulevard
   Penthouse Suite
4  Encino, California 91436
   Telephone: (818) 986-7100
5  Facsimile: (818) 986-7106

6
   Attorneys for:
7  Plaintiffs ANDREW HORNE and KAREN HORNE.

8                    **UNITED STATES DISTRICT COURT -**

9       **CENTRAL DISTRICT OF CALIFORNIA – Western Division (Los Angeles)**

10 ANDREW HORNE, et al,                    )   **Case No: 2:13-cv-04911-MMM-JC**
                                           )
11                                         )   **DECLARATION OF ATTORNEY**
              Plaintiff(s),                )   **THEODORE SLATER IN SUPPORT OF**
12                                         )   **EX PARTE APPLICATION OF**
                                           )   **PLAINTIFFS ANDREW HORNE AND**
13       vs.                               )   **KAREN HORNE FOR ORDER**
                                           )   **REMANDING REMOVED ACTION TO**
14 WELLS FARGO HOME MORTGAGE, et al. )       **STATE COURT.**
                                           )
15            Defendant(s).                )
                                           )
16                                         )
                                           )
17 ────────────────────────────────        )

18        I, Theodore Slater, declare that all of the following is true and correct to the best of my

19 personal knowledge and if called upon as a witness can and will competently testify to the

20 truthfulness of all the statements in this declaration:

21 1.     I am an attorney at law and in good standing with the State Bar of California, member

22        number 267479.  I represent Plaintiffs Andrew Horne and Karen Horne (hereinafter

23        "Plaintiffs") in the subject United States District Court, Central District of California,

24        Western Division, Case No. 2:13-cv-04911-MMM-JC (hereinafter the "Instant Case").

25

26

27

28

                                          -1-
─────────────────────────────────────────────────────────────────────
    DECLARATION OF ATTORNEY THEODORE SLATER IN SUPPORT OF *EX PARTE* APPLICATION OF
    PLAINTIFFS ANDREW HORNE AND KAREN HORNE FOR ORDER REMANDING REMOVED ACTION TO
                                STATE COURT.

2.    I make this Declaration In Support of the *Ex Parte* Application of Plaintiffs Andrew Horne and Karen Horne For An Order Remanding Removed Action to State Court (hereinafter the "*Ex Parte* Application").

3.    On or about April 17, 2013, Plaintiffs Andrew Horne and Karen Horne (hereinafter "Plaintiffs") filed California Superior Court, Los Angeles County, Northwest District, Case number LC100184 (hereinafter the "State Case"). The Complaint filed in the State Case alleges various causes of action arising from the wrongful foreclosure of Plaintiffs residential real property located at 6228 Penfield Avenue, Woodland Hills, California 91367 (hereinafter the "Property").

4.    On July 2, 2013 Plaintiffs filed a First Amended Complaint in the State Case, alleging a cause of action for violation of 12 U.S.C. §2605.

5.    On July 9, 2013 Defendant in the Instant Case, Wells Fargo Bank, N.A. (hereinafter "Wells") filed a Notice of Removal (Doc #1), thereby removing the State Case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(a). A true and correct copy of Wells' Notice of Removal is attached as "Exhibit A" to the *Ex Parte* Application.

6.    On July 24, 2013 Plaintiffs filed the Second Amended Complaint (hereinafter the "SAC") in the instant action (Doc #13), which was ordered filed and processed by this Court on or about July 26, 2013 (Doc #12). A true and correct copy of the SAC is attached as "Exhibit B" to the *Ex Parte* Application.

7.    On or about August 19, 2013, Defendant Wells has calendared a non-judicial foreclosure sale of Plaintiff's Property.

DECLARATION OF ATTORNEY THEODORE SLATER IN SUPPORT OF *EX PARTE* APPLICATION OF PLAINTIFFS ANDREW HORNE AND KAREN HORNE FOR ORDER REMANDING REMOVED ACTION TO STATE COURT.

**8.**     Good cause exists for this Court to grant the relief requested in the Application on an *Ex Parte* basis in that the standing SAC in this action alleges no civil action(s) arising under the Constitution, laws or treaties of the United States as defined by 28 United States Code ("U.S.C."), Section 1331.  This Court is therefore without subject matter jurisdiction over this action.

**9.**     Plaintiffs will be irreparably prejudiced should the instant action not be remanded back to the State Case by this Court upon an *Ex Parte* basis.  Once remanded back to its proper forum in state court, Plaintiffs intend, but will have little time, to move for a Temporary Restraining Order enjoining the wrongful foreclosure of Plaintiff's Property that is currently calendared by the Defendants in this controversy to take place on August 19, 2013.

**10.**     The party(ies) moving for the relief requested in the *Ex Parte* Application are without fault in creating the circumstances necessitating relief upon an *Ex Parte* basis in that Defendant Wells removed the instant action to this Court without Plaintiffs being granted an opportunity to contest said removal.  In addition, once Plaintiffs diligently filed the SAC in this action on July 24, 2013, this Court no longer had subject matter jurisdiction over the controversy.  Finally, the fact that Defendant Wells has calendared a non-judicial foreclosure of Plaintiff's Property less than two (2) weeks away results in the present situation where this action must be remanded back to the State Court immediately in order to allow Plaintiff a reasonable opportunity to move for an order from the court in the State Case enjoining the wrongful foreclosure of Plaintiff's Property.

DECLARATION OF ATTORNEY THEODORE SLATER IN SUPPORT OF *EX PARTE* APPLICATION OF PLAINTIFFS ANDREW HORNE AND KAREN HORNE FOR ORDER REMANDING REMOVED ACTION TO STATE COURT.

11. Pursuant to Central District of California Rule 7-19.1 I made the following good faith efforts to advise counsel for all parties, if known, when and where the *Ex Parte* Application will be made and the nature of the relief being sought:

   A.   Defendant Wells Fargo Bank, N.A.: On August 7, 2013, at approximately 12:05 pm, I contacted Melissa Marie Coyle, of the law firm of Anglin, Flewelling, Rasmussen, Campbell and Trytten LLP, counsel for Defendant Wells, at (626) 565-1900.  After being directed to Ms. Coyle's voicemail I left a message detailing the court and case number of the instant case, and that Plaintiffs would be filing an application seeking the relief requested in the *Ex Parte* Application.  I also advised Ms. Coyle that her client would have 24 hours after being served with the filed *Ex Parte* Application.  Finally, I asked Ms. Coyle whether her client would be inclined to stipulate to the relief requested in the *Ex Parte* Application, to remand the Instant Case to the State Case, and to contact me at her earliest opportunity to advise as to whether said stipulation would be made, or alternatively, whether her office would be filing an Opposition to the *Ex Parte* Application.

   B.   Defendant Regional Service Corporation: To my knowledge Defendant Regional Service Corporation has not appeared in the Instant Case.

   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

   Executed this 7th day of August, 2013, at Los Angeles, California

BY: _____
      Theodore Slater, Declarant.

DECLARATION OF ATTORNEY THEODORE SLATER IN SUPPORT OF *EX PARTE* APPLICATION OF PLAINTIFFS ANDREW HORNE AND KAREN HORNE FOR ORDER REMANDING REMOVED ACTION TO STATE COURT.

**EXHIBIT A**

1  Christopher A. Carr (# 44444)
    ccarr@afrct.com
2  Melissa M. Coyle (# 232775)
    mcoyle@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5  Tel: (626) 535-1900 | Fax:  (626) 577-7764

6  Attorneys for Defendant
    WELLS FARGO BANK, N.A.,
7  successor by merger with Wells Fargo
    Bank Southwest, N.A., f/k/a
8  Wachovia Mortgage, FSB, f/k/a
    World Savings Bank, FSB (sued
9  herein as "Wells Fargo Home
    Mortgage, a business entity, form
10  unknown") ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

FILED
CLERK, U.S. DISTRICT COURT
JUL - 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

11

UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13

14  CV13- 4911 MMM (JCx)

CASE NO.:

15  ANDREW HORNE, an individual; and
    KAREN HORNE, an individual;

16          Plaintiffs;

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1441 &
1331 [FEDERAL QUESTION]**

17          v.

18  WELLS FARGO HOME MORTGAGE,
    a business entity, form unknown;
19  REGIONAL SERVICE
    CORPORATION, a corporation; and
20  DOES 1 through 50 inclusive;

21          Defendants.

22

23  **TO PLAINTIFFS, THE CLERK OF THE ABOVE-ENTITLED**

24  **COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE,**

25  **AS ASSIGNED:**

26          PLEASE TAKE NOTICE that defendant WELLS FARGO BANK, N.A.,

27  successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia

28  Mortgage, FSB, f/k/a World Savings Bank, FSB (sued herein as "Wells Fargo

1 Christopher A. Carr (# 44444)
   ccarr@afrct.com
2 Melissa M. Coyle (# 232775)
   mcoyle@afrct.com
3 ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
4 199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5 Tel: (626) 535-1900 | Fax: (626) 577-7764

6 Attorneys for Defendant
   WELLS FARGO BANK, N.A.,
7 successor by merger with Wells Fargo
   Bank Southwest, N.A., f/k/a
8 Wachovia Mortgage, FSB, f/k/a
   World Savings Bank, FSB (sued
9 herein as "Wells Fargo Home
   Mortgage, a business entity, form
10 unknown") ("Wells Fargo")

11

12

13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

14

15 ANDREW HORNE, an individual; and
   KAREN HORNE, an individual;

16           Plaintiffs;

17     v.

18 WELLS FARGO HOME MORTGAGE,
   a business entity, form unknown;
19 REGIONAL SERVICE
   CORPORATION, a corporation; and
20 DOES 1 through 50 inclusive;

21           Defendants.

22

CASE NO.:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 & 1331 [FEDERAL QUESTION]**

23      **TO PLAINTIFFS, THE CLERK OF THE ABOVE-ENTITLED**

24 **COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE,**

25 **AS ASSIGNED**:

26      PLEASE TAKE NOTICE that defendant WELLS FARGO BANK, N.A.,

27 successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia

28 Mortgage, FSB, f/k/a World Savings Bank, FSB (sued herein as "Wells Fargo

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Home Mortgage, a business entity, form unknown") ("Wells Fargo") submits this
2   Notice of Removal on the grounds of federal question jurisdiction, pursuant to 28
3   U.S.C. §§ 1441 & 1331. The action is hereby removed to this Court from the state
4   court, as more particularly set forth below.

5           **1.      THE STATE COURT ACTION**

6           On April 17, 2013, plaintiffs Andrew Horne and Karen Horne commenced
7   an action in the Superior Court of the State of California for the County of Los
8   Angeles, entitled as captioned above, Case No. LC 100184 (the "State Court
9   Action"). The initial complaint contained six causes of action for (1) violation of
10  California Civil Code, Section 2923.6; (2) violation of California Civil Code,
11  Section 2924.17; (3) promissory estoppel; (4) negligence; (5) declaratory relief;
12  and (6) injunctive relief. Wells Fargo timely filed it demurrer to the initial
13  complaint.

14          On July 2, 2013, plaintiffs filed their First Amended Complaint in this
15  action. Here, for the first time in the FAC, plaintiff brought a separate cause of
16  action for violation of 12 United States Code Section 2605, et seq. ("RESPA.") A
17  copy of the first amended complaint is attached hereto as Exhibit A. Wells
18  Fargo's removal is based on the federal question raised for the first time in the
19  FAC.

20          No other defendant has appeared in the State Court Action. Attached
21  collectively hereto as Exhibit B are all other documents filed in the State Court
22  Action which are in Wells Fargo's possession.

23          **2.      THIS COURT HAS JURISDICTION BASED ON FEDERAL**
24                  **QUESTION**

25          Cases filed in state court may be removed to federal district court where the
26  district courts have original subject matter jurisdiction over the case. 28 U.S.C. §
27  1441(a). District courts "have original jurisdiction of all civil actions arising under
28  the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    "The existence of federal question jurisdiction is ordinarily determined from the
2    face of the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers,*
3    *Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  Under the well-pleaded complaint rule,
4    a defendant may remove a case to federal court if "the plaintiff's complaint
5    establishes that the case 'arises under' federal law." *Franchise Tax Bd. v.*
6    *Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis omitted);
7    *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal
8    jurisdiction is appropriate when it is presented on the face of plaintiff's well-
9    pleaded complaint); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)
10   (same).

11          A case "arises under" federal law when the complaint "establishes either that
12   federal law creates the cause of action or that the plaintiff's right to relief
13   necessarily depends on resolution of a substantial question of federal law."
14   *Franchise Tax Bd.*, 463 U.S. at 27-28.  It is well-established that a single claim
15   over which federal question jurisdiction exists is sufficient for removal.  *Exxon*
16   *Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago*
17   *v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).
18   Further, district courts have supplemental jurisdiction over related claims.  28
19   U.S.C. § 1367(a) (providing in pertinent part that "in any civil action of which the
20   district courts have original jurisdiction, the district courts shall have supplemental
21   jurisdiction over all other claims that are so related to claims in the action within
22   such original jurisdiction that they form part of the same case or controversy under
23   Article III of the United States Constitution").

24          This Court has jurisdiction of this case under 28 U.S.C. § 1331 because
25   plaintiffs allege claims arising under the laws of the United States.  In particular,
26   the State Court Action bases one distinct claim for relief on violations of the Real
27   Estate Settlement Procedures Act ("RESPA"), 26 U.S.C. §§ 2605 *et seq.*, (Compl.,
28   ¶¶27-29).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Thus, claims arising under the laws of the United States, or "Federal
2    questions," are presented, which gives this Court jurisdiction under 28 U.S.C. §
3    1331 and makes the State Court Action removable to this Court under 28 U.S.C. §
4    1441(a) and (b).

5         **3.    TIMELINESS**

6    This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because defendant
7    Wells Fargo received service of process of the first amended complaint ("FAC") in
8    the State Court Action on July 8, 2013. *Destfino v. Reiswig, et al.,* 630 F.3d 952,
9    956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to
10   exercise his removal rights after being served").

11   According to the Los Angeles County Superior Court docket, neither
12   Regional Service Corporation nor the doe defendants have been identified or
13   received service of process as of yet.  Therefore, no joinder of unserved defendants
14   is required to perfect removal of the State Court Action. *Salveson v. Western
15   States Bankcard Ass'n.,* 730 F.2d 1423, 1429 (9th Cir. 1984).

16        **4.    OTHER PERTINENT INFORMATION**

17   A.    Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the
18   District Court of the United States for the district and division within which the
19   State Court Action is pending.  As such, this case is being removed to the United
20   States District Court for the Central District of California, Western Division,
21   because the State Court Action is pending in the Superior Court of California for
22   the County of Los Angeles.

23   B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its
24   attachments will promptly be served on plaintiffs in the State Court Action, and
25   notice thereof will be filed with the clerk of the Los Angeles County Superior
26   Court.

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   WHEREFORE, Wells Fargo hereby removes Los Angeles County Superior

2   Court Case No. LC 100184 to the United States District Court for the Central

3   District of California, Western Division.

4                                            Respectfully submitted,

5   Dated:  July 9, 2013                     ANGLIN, FLEWELLING, RASMUSSEN,
                                             CAMPBELL & TRYTTEN LLP
6

7
                                        By: _____
8
                                             Melissa M. Coyle
9                                            mcoyle@afrct.com
                                             Attorneys for Defendant
10                                           WELLS FARGO BANK, N.A., successor
                                             by merger with Wells Fargo Bank
11                                           Southwest, N.A., f/k/a Wachovia Mortgage,
                                             FSB, f/k/a World Savings Bank, FSB (sued
12                                           herein as "Wells Fargo Home Mortgage, a
                                             business entity, form unknown") ("Wells
13                                           Fargo")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

93000/FR0925/00681368-1                    5                           NOTICE OF REMOVAL

**EXHIBIT B**

Joseph S. Fogel; CSB#156746
Theodore Slater; CSB#267479
**FOGEL & ASSOCIATES**
16133 Ventura Boulevard
Penthouse Suite
Encino, California 91436
Telephone: (818) 986-7100
Facsimile: (818) 986-7106

Attorneys for:
Plaintiffs ANDREW HORNE and KAREN HORNE.

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

### UNITED STATES DISTRICT COURT -

### CENTRAL DISTRICT OF CALIFORNIA – Western Division (Los Angeles)

ANDREW HORNE, an individual; and
KAREN HORNE, an individual

        Plaintiffs,

  vs.

WELLS FARGO HOME MORTGAGE, a
business entity, form unknown; REGIONAL
SERVICE CORPORATION, a corporation;
and DOES 1 through 50 inclusive.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No: 2:13-cv-04911-MMM-JC**
[Removed from California Superior Court, Los
Angeles County, Northwest District, Case #
LC100184 - July 9, 2013]

**SECOND AMENDED COMPLAINT FOR:**

**(1) VIOLATION OF CALIFORNIA
CIVIL CODE, SECTION 2923.6,
SUBDIVISIONS (b)-(f);**

**(2) VIOLATION OF CALIFORNIA
CIVIL CODE, SECTION 2924.17;**

**(3) PROMISSORY ESTOPPEL;**

**(4) NEGLIGENCE;**

**(5) DECLARATORY RELIEF;** and

**(6) INJUNCTIVE RELIEF PURSUANT
TO CALIFORNIA CIVIL CODE,
SECTION 2924.12 AND EQUITABLE
LAW.**

[Unlimited Jurisdiction Case – Demand
Exceeds $25,000]

**DEMAND FOR JURY TRIAL**

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

JUL 2 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

SECOND AMENDED COMPLAINT - 1

Come(s) now Plaintiffs Andrew Horne and Karen Horne (hereinafter collectively "PLAINTIFFS"), complaining and alleging as follows:

## **PARTIES**

1.    PLAINTIFFS are, and at all times relevant to this action were, individuals residing in the State of California, County of Los Angeles.

2.    PLAINTIFFS are, and at all times relevant to this action were, the owners and occupants of the real property commonly known as 6228 Penfield Avenue, Woodland Hills, California 91367 (hereinafter the "PROPERTY"). The legal description of the PROPERTY is attached to this Complaint as "Exhibit A" and incorporated herein by reference. The assessor's parcel number of the PROPERTY is 2153-036-029.

3.    PLAINTIFFS are informed and believe and on that basis allege that at all times relevant to this action Defendant Wells Fargo Home Mortgage (hereinafter "WELLS"), is and was a business entity, form unknown, and at all times relevant to this action was doing business in the State of California, County of Los Angeles.

4.    PLAINTIFFS are informed and believe and on that basis allege that at all times relevant to this action Defendant Regional Service Corporation (hereinafter "RSC"), is and was a corporation, and at all times relevant to this action was doing business in the State of California, County of Los Angeles.

5.    PLAINTIFFS are unaware of the true names or capacities of Defendants sued in this action as Does 1 through 50, inclusive, and who are sued by such fictitious names. PLAINTIFFS will amend this Second Amended Complaint to allege said names and capacities when the information has been ascertained. PLAINTIFFS are informed and believe and on that basis allege that each of the fictitiously named Defendants is legally responsible in some manner

SECOND AMENDED COMPLAINT - 2

for the acts or omissions alleged and the injuries and damages claimed in this Second Amended Complaint, or in some manner claims an ownership, security, or other interest in the real property that is the subject of this action.

6.      PLAINTIFFS are informed and believe and on that basis allege that at all times relevant to this action, unless otherwise stated, each Defendant, including those fictitiously named, was the agent, servant, employee, partner and/or joint venturer of each remaining Defendant, and was acting within the course and scope of such agency, employment, partnership and/or joint venture with the permission and consent or ratification of each remaining Defendant, in doing the things alleged in this Second Amended Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      PLAINTIFFS are informed and believe and on that basis allege that on or about May 1, 2006, PLAINTIFFS obtained a mortgage loan from World Savings Bank (hereinafter "WSB") in the amount of $750,000, that was secured by the PROPERTY, the terms and conditions of which were memorialized in a written promissory note (hereinafter the "PROMISSORY NOTE"). The PROMISSORY NOTE evidences the debt owed by PLAINTIFFS as defined in California Civil Code ("CCC"), Section 2936. PLAINTIFFS are unaware of the identity of the present holder of the rights accruing to the promissee, nor who if anyone is in physical possession of the original version, of the PROMISSORY NOTE.

8.      On or about May 1, 2006 PLAINTIFFS also executed a Deed of Trust (hereinafter "DEED OF TRUST"). The DEED OF TRUST describes the following parties in the "Definitions" section:

>     "(B) 'Borrower' is [PLAINTIFFS] . . . ¶(C) 'Lender' is World Savings Bank,
>     FSB. . . . ¶(D) 'Trustee' is Golden West Savings Association Service Co., . . .".

A true and correct copy of the DEED OF TRUST is attached as "Exhibit B" and incorporated herein by reference.

**9.** PLAINTIFFS are informed and believe and on that basis allege that, at all times relevant to this action, Defendant(s) WELLS, and/or RSC, and each of them, claim an interest against PLAINTIFFS and the PROPERTY arising from the rights accruing to the promissee of the PROMISSORY NOTE. Said Defendant(s), and each of them, at various times relevant to this action furthermore claim(ed) to be beneficiary(ies) of the DEED OF TRUST granting them the power of sale over the PROPERTY upon breach of the terms and conditions of the PROMISSORY NOTE.

**10.** PLAINTIFFS are informed and believe and on that basis allege that at some point on or about the year 2010, PLAINTIFFS ceased receiving mortgage payments statements from their originating lender, and instead began receiving mortgage statements from Defendant WELLS[1].

**11.** On or about the month of June 2012, PLAINTIFFS suffered an unforeseen loss of household income. At this time PLAINTIFFS began using part of their savings to pay her mortgage and other household expenses. Avoiding any late mortgage payments, but realizing however that their foreseeable economic situation could not continue indefinitely, PLAINTIFFS contacted Defendant WELLS, who at that time had represented to PLAINTIFFS that they serviced PLAINTIFFS' mortgage loan, for the purpose of modifying the mortgage loan obligation arising from the PROMISSORY NOTE. As a result of said contacts, Defendant WELLS, through WELLS' own employees and/or agents, made the following representations to PLAINTIFFS:

---

[1] PLAINTIFFS are informed and believe and thereupon alleges that Defendant WELLS is an entity distinct from the originating mortgage lender, WSB, and that its purported role at all times relevant to this action was solely and exclusively as a mortgage servicer of PLAINTIFFS' loan.

SECOND AMENDED COMPLAINT - 4

**A.** PLAINTIFFS would not qualify for a mortgage loan modification unless they missed at least three mortgage payments first, after which PLAINTIFFS were instructed to contact Defendant WELLS again in order to submit a loan modification application for further consideration.

**B.** That no "dual tracking" would take place while PLAINTIFFS were in modification review. Said Defendant(s) thus represented that foreclosure proceedings relating to the PROPERTY would be suspended indefinitely while said Defendant(s) were engaged in negotiations with PLAINTIFFS to reinstate and modify the subject mortgage loan on mutually agreeable terms.

**C.** That no foreclosure would occur on the PROPERTY unless and until PLAINTIFFS had been denied for a loan modification following a good faith review first. Furthermore, that PLAINTIFFS would be notified of any denial of their loan modification application in writing, with specific reasons given for any denial, prior to any foreclosure of the PROPERTY taking place.

**D.** That Defendant(s) WELLS and/or RSC, would work with PLAIINTIFFS on their loan reinstatement and modification if PLAINTIFFS in exchange would forgo filing for bankruptcy relief in order to save the PROPERTY from foreclosure.

**E.** That if PLAINTIFFS were to file for bankruptcy relief, any review of PLAINTIFFS' application for a cure and/or modification of the loan arising from the PROMISSORY NOTE would be immediately cancelled and withdrawn by said Defendant(s).

12. PLAINTIFFS had trust and confidence in the representations set forth in **Paragraph 11** above, by virtue of PLAINTIFFS' lack of knowledge and experience in real estate transactions,

SECOND AMENDED COMPLAINT - 5

1   mortgage loans, loan modifications, short sale procedures and foreclosure procedures, all matters

2   of which said Defendant(s) possessed a level of expertise superior to PLAINTIFFS.

3   **13.**     PLAINTIFFS justifiably relied upon the representations of said Defendant(s) set forth in

4   **Paragraph 11** above in that:

5          **A.**     PLAINTIFFS voluntarily defaulted on their mortgage payments in order to

6   become eligible for a loan modification program as instructed by said Defendant(s);

7          **B.**     PLAINTIFFS did not attempt to save the PROPERTY from foreclosure by way of

8   filing for bankruptcy relief under Chapter 13 of the bankruptcy code, and thereby generating the

9   automatic stay of foreclosure of the PROPERTY, reinstating the loan created by the

10  PROMISSORY NOTE, paying off the arrears alleged by said Defendant(s) and resuming regular

11  loan payments pursuant to the PROMISSORY NOTE; and

12

13         **C.**     A modification of the PROMISSORY NOTE was represented to PLAINTIFFS as

14  superior to the relief they would have obtained by way of paying off the arrearages on the subject

15  mortgage loan, or even a short-sale or deed-in-lieu of foreclosure, since it was represented to

16  PLANTIFFS that a loan modification would result in PLAINTIFFS keeping their home,

17  capitalizing the outstanding mortgage payment arrearages, and avoiding the taxation

18  consequences of debt forgiveness income in the event a short-sale or deed-in-lieu option were

19  pursued.

20

21  **14.**     PLAINTIFFS diligently followed all instructions of the Defendant(s), in that

22  PLAINTIFFS and/or authorized agents of PLAINTIFFS submitted a complete loan modification

23  application to said Defendant(s) as instructed.

24  **15.**     PLAINTIFFS are informed and believe and on that basis allege that on or about

25  November 28, 2012 Defendant(s) WELLS, and/or RSC, and each of them, and in violation of the

26

---

representations set forth above in **Paragraph 11**, caused foreclosure proceedings to commence against the PROPERTY by causing a Notice of Default to be recorded in the official records of the Office of the Recorder of Los Angeles County, California, as Instrument No. 2012-1809270 (hereinafter the "NOD"). A true and correct copy of the NOD is attached as "Exhibit C" and incorporated herein by reference.

**16.**    The NOD contains the following language:

"To find out the amount you must pay, or to arrange for payment to stop the foreclosure, . . . contact:

WELLS FARGO HOME MORTGAGE
C/O REGIONAL SERVICE CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104
(206) 340-2550"

Exhibit C, Page 3, Paragraph 3.

**17.**    As a result of said representations on the NOD, Defendant RSC held itself out as, and did in fact act as, the mortgage servicer purporting to be authorized to accept payments on the PROMISSORY NOTE from PLAINTIFFS, and to modify the terms and conditions of the PROMISSORY NOTE. As such at all times relevant to this Second Amended Complaint, Defendant RSC acted outside the scope of the conduct protected by the privileges set forth in CCC §§47 and 2924 et seq.

**18.**    PLAINTIFFS are informed and believe and on that basis allege that Defendant RSC claims to be a trustee with authority to exercise the power of sale over the PROPERTY pursuant to the DEED OF TRUST. RSC claims said interest despite not being named trustee with the power of sale in the DEED OF TRUST or in any document recorded in the official records of the Office of the Recorder of Los Angeles County, California.

SECOND AMENDED COMPLAINT - 7

19.     PLAINTIFFS are informed and believe and on that basis allege that on or about March 1, 2013, Defendant(s) WELLS and/or RSC, and each of them, caused the recording of a Notice of Sale in the official records of the Office of the Recorder of Los Angeles County, California, as Instrument No. 2013-0318059 (hereinafter the "NOS").  A true and correct copy of the NOS is attached as "Exhibit D" and incorporated herein by reference.  The NOS purports to be authenticated by an individual named Marilee Hakkinen, as authorized agent for a separate entity named Agency Sales and Posting, who in turn purports to be an agent for the alleged trustee, Defendant RSC.  Said attempted authentication of the NOS however is an example of "robo-signing" as Marilee Hakkinen is a fictional person.  Alternatively, even if Marilee Hakkinen is real, she is absent the authority to sign on behalf of Agency Sales and Posting and/or Defendant RSC.  Nor did Marilee Hakkinen, or whomever actually caused her signature to appear on the NOS, determine with competent or reliable evidence the fact of PLAINTIFF's default at the time the NOS was created and recorded.

20.     PLAINTIFFS are further informed and believe and on that basis allege that on or about August 19, 2013 the Defendants named in this Second Amended Complaint, and each of them, will attempt to conduct a non-judicial foreclosure of the PROPERTY, in violation of the representations set forth above in **Paragraph 11.**

## FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA CIVIL CODE, SECTIONS 2923.6, SUBDIVISIONS (b)-(f)**

**(against Defendant(s) WELLS, RSC, and Does 1 through 50)**

21.     PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

**22.** PLAINTIFFS are informed and believe and thereupon allege that PLAINTIFFS submitted a complete application for a first lien modification to Defendant WELLS, PLAINTIFFS' mortgage servicer, and said application was still pending, and a written determination that PLAINTIFFS were not eligible for a loan modification had not been made, when Defendant(s) WELLS and/or RSC recorded the NOD and/or NOS in violation of the anti- "dual tracking" provisions of California Civil Code (hereinafter "CCC"), Section 2923.6, Subdivisions (c) and (f).

**23.** PLAINTIFFS are informed and believe and thereupon allege that the actions of Defendant(s) set forth in this cause of action was/were a material violation and intentional or reckless, or resulted from willful misconduct, and thereby justifies an award of the greater of treble actual damages or statutory damages, as appropriate pursuant to CCC §2924.12(b).

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE, SECTION 2924.17**

**(against Defendant(s) WELLS, RSC, and Does 1 through 50)**

**24.** PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

**25.** PLAINTIFFS are informed and believe and thereupon allege that one or all of the signatures on the NOD, NOS, assignment(s) of a deed of trust, substitution(s) of trustee and/or any other documents recorded in the official records of the Recorder's Office of Los Angeles County in connection with a foreclosure of the PROPERTY, were signed by agents for the Defendant(s) named in this cause of action without competent and reliable evidence to substantiate PLAINTIFFS' default nor said Defendant(s) right to foreclose in violation of the anti "robo signing" provisions of CCC §2924.17.

SECOND AMENDED COMPLAINT - 9

26.     PLAINTIFFS are informed and believe and thereupon allege that the actions of Defendant(s) set forth in this cause of action was/were a material violation and intentional or reckless, or resulted from willful misconduct, and thereby justifies an award of the greater of treble actual damages or statutory damages, as appropriate pursuant to CCC §2924.12(b).

## THIRD CAUSE OF ACTION

### PROMISSORY ESTOPPEL

### (against Defendant(s) WELLS and Does 1 through 50)

27.     PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

28.     PLAINTIFFS are informed and believe and on that basis allege that Defendant WELLS made the representations to PLAINTIFFS set forth in **Paragraph 11** above to PLAINTIFFS as clear and unambiguous promises.

29.     PLAINTIFFS justifiably relied upon said representations and PLAINTIFFS' reliance was both reasonable and foreseeable as set forth in **Paragraph 13** above.

30.     PLAINTIFFS were damaged by their reliance on said representations and their reliance was a substantial factor in causing damage to PLAINTIFFS.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

### (against Defendant(s) WELLS, and Does 1 through 50)

31.     PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

32.     PLAINTIFFS are informed and believe and on that basis allege that Defendant WELLS owed a legal duty of care to PLAINTIFFS to prevent harm to PLAINTIFFS' interests in the PROPERTY.  Said duty arose from, among other circumstances, PLAINTIFF's lack of knowledge and experience in real estate transactions, mortgage loans, loan modifications, short

---

SECOND AMENDED COMPLAINT - 10

sale procedures and foreclosure procedures, all matters of which said Defendant(s) possessed a level of expertise superior to PLAINTIFFS.

**33.** PLAINTIFFS are informed and believe and on that basis allege that said Defendant(s) breached their legal duty of care to PLAINTIFFS by engaging in the acts or omissions to act set forth in **Paragraph 11** above.

**34.** PLAINTIFFS are informed and believe and on that basis allege that in engaging in the acts and/or omissions set forth in **Paragraph 11** above, Defendant WELLS exceeded the scope of a conventional role as a mere lender of money.

**35.** PLAINTIFFS are informed and believe and on that basis allege that the breach of the legal duty of care to PLAINTIFFS by the Defendant(s) named in this cause of action was the proximate cause of injury to PLAINTIFFS in that their rights to quiet enjoyment, possession and rightful title to the PROPERTY have been injured and PLAINTIFFS have suffered damages as a result thereof in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(against Defendant(s) WELLS, RSC and Does 1 through 50)**

**36.** PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

**37.** An actual controversy exists, as set forth in this Second Amended Complaint, between PLAINTIFFS and Defendant(s) WELLS and RSC and each of them, concerning their respective rights and duties pertaining to the PROPERTY.

---

SECOND AMENDED COMPLAINT - 11

38.    PLAINTIFFS request a judicial determination and declaration of the respective rights and duties of PLAINTIFFS and the Defendants named in this Second Amended Complaint, as to themselves and the PROPERTY.

39.    A judicial determination and declaration of said rights and duties is appropriate at this time so that PLAINTIFFS may determine their rights and duties before being wrongfully foreclosed upon and/or losing their rightful claims of title to the PROPERTY, as the Defendants named in this cause of action are proceeding to attempt a non-judicial foreclosure of the PROPERTY on or about August 19. 2013.

**SIXTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF PURSUANT TO CALIFORNIA CIVIL CODE, SECTION 2924.12 AND EQUITABLE LAW**

**(against Defendant(s) WELLS, RSC and Does 1 through 50)**

40.    PLAINTIFFS reallege and incorporate by reference each and every allegation of all preceding Paragraphs as though fully set forth herein.

41.    PLAINTIFFS are informed and believe and on that basis allege that the actions of Defendant(s) WELLS and RSC set forth in this Second Amended Complaint constitute a violation of CCC §§2923.6(b)-(f) and 2924.17, thereby giving rise to statutory injunctive relief pursuant to CCC §2924.12(a)(1) which sets forth in relevant part: " . . . a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.6 . . . or 2924.17"

42.    PLAINTIFFS are further informed and believe and on that basis allege that Defendant(s) WELLS and RSC have conducted wrongful foreclosure proceedings in violation of California statutory and common law, all to PLAINTIFFS's great and irreparable injury.

43.    PLAINTIFFS have no other plain, speedy or adequate remedy, and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to PLAINTIFFS'

---

SECOND AMENDED COMPLAINT - 12

1  interests in, and possession of, the PROPERTY, as the Defendants named in this cause of action

2  are proceeding to attempt a non-judicial foreclosure of the PROPERTY on or about August 19.

3  2013.

4  ///

5  ///

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED COMPLAINT - 13

1  **WHEREFORE, PLAINTIFFS PRAY** for judgment as follows:

2  **(i)**     For compensatory damages in an amount according to proof;

3  **(ii)**    For special and consequential damages in an amount according to proof;

4  **(iii)**   For an award of the greater of treble actual damages or statutory damages, as appropriate

5             pursuant to CCC §2924.12(b);

6  **(iv)**    For reasonable Attorney fees in an amount according to proof;

7  **(v)**     For costs of suit;

8  **(vi)**    For an order that the recorded NOD and NOS, be deemed null and void and of no legal

9             effect;

10  **(vii)**   For a temporary restraining order, a preliminary injunction, and a permanent injunction,

11             pursuant to CC §2924.12 as well as equitable law, enjoining all Defendants named in this

12             Second Amended Complaint, and each of them, and their respective agents, servants, and

13             employees, and all persons acting under, in concert with, or for them, from attempting in

14             any manner to conduct a non-judicial foreclosure of the PROPERTY, dispossess

15             PLAINTIFFS from possession of the PROPERTY, or taking any action to enforce any

16             other remedy purportedly provided to them by the PROMISSORY NOTE or the DEED

17             OF TRUST; and

18  **(viii)**  For such other and further relief that the Court considers just and proper.

19

20  DATED:  July 18, 2013            BY:   **FOGEL & ASSOCIATES**
                                          16133 Ventura Blvd.
21                                         Encino, CA 91436

22

23

24                                         _____
                                          Theodore Slater; Attorneys for Plaintiffs
25                                         ANDREW HORNE and KAREN HORNE.

26

---

SECOND AMENDED COMPLAINT - 14