UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 13-04911-MMM (JCx) |
| Date | September 6, 2013 |
| Title | *Andrew Horne et al v. Wells Fargo Bank, N.A. et al* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to State Court

## I. PROCEDURAL BACKGROUND

On April 17, 2013, Andrew and Karen Horne (collectively "plaintiffs") filed a complaint in state court against Wells Fargo Bank, N.A. ("Wells Fargo") alleging various state law violations arising from the foreclosure of residential property located in Woodland Hills, California ("property").[1] On July 2, 2013, plaintiffs filed a first amended complaint, adding a claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.[2] On July 9, 2013, Wells Fargo filed a notice of removal, invoking the court's federal question jurisdiction under 28 U.S.C. §§ 1441 and 1331.[3] On July 24, 2013, plaintiffs filed a second amended complaint ("SAC"), which deleted the RESPA claim and did not plead any other claim arising under federal law.[4] On August 7, 2013, plaintiffs filed an *ex parte* application for an order remanding the action

---

[1] Notice of Removal ("Removal"), Docket No. 1 (July 9, 2013), Complaint ("Complaint"), at 68.

[2] *Id.*, First Amended Complaint ("FAC"), at 9.

[3] Removal at 2.

[4] Second Amended Complaint ("SAC"), Docket No. 13 (July 24, 2013).

to state court.[5]  Wells Fargo opposes the motion.[6]

## II.  DISCUSSION

### A.  Legal Standard Governing *Ex Parte* Applications

The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).  See also *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").  As the court in *Intermagnetics* stated:

> ". . . [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court.  Both contemplate that noticed motions should be the rule and not the exception.  Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes.  Ex parte applications throw the system out of whack.  They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.  They demand priority consideration, where such consideration is seldom deserved.  In effect, they put the applicant 'ahead of the pack,' without cause or justification." *Intermagnetics*, 101 B.R. at 193 (footnote omitted).

The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).  *Id.*

### B.  Whether the Court Should Grant Plaintiffs' *Ex Parte* Application

Plaintiffs argue that the proximity of a non-judicial foreclosure sale of their property renders the relief requested in their *ex parte* application proper because once the case is remanded, they intend to seek a temporary restraining order and preliminary injunction in state court enjoining the

---

[5]*Ex Parte* Application ("Application"), Docket No. 17 (Aug. 7, 2013).

[6]Memorandum in Opposition to *Ex Parte* Application to Remand ("Opposition"), Docket No. 18 (Aug. 8, 2013).

foreclosure sale.[7]  A looming foreclosure sale would likely satisfy the criteria for *ex parte* relief had plaintiffs filed an application for injunctive relief in this court.  Federal courts are fully capable of hearing – and, where appropriate, granting – injunctive relief in cases involving pending foreclosure sales.  See *Bhandari v. Capital One, N.A.*, CV 12-04533-PSG, 2012 WL 6725898, *2 (N.D. Cal. Dec. 27 2012) (noting, in a foreclosure case, defendants' removal to federal court and the district court's issuance of a temporary restraining order)*; Hague v. Wells Fargo Bank, N.A.*, No. 11-02366-THE, 2012 WL 1029668, *1 (N.D. Cal. Mar. 26, 2012) (same); *Foley v. Wells Fargo Bank, N.A.*, No. 3:10-cv-00702-RCJ-VPC, 2011 WL 2689250, *1-2 (D. Nev. 2011 July 5, 2011) (same); *Farmer v. Countrywide Home Loans*, No. 08cv2193 BTM(AJB), 2009 WL 189025, *1 (S.D. Cal. Jan. 26, 2009) (same).

Plaintiffs, however, do not seek injunctive relief in their *ex parte* application.  Instead, they seek an order remanding the case to state court so they can then pursue injunctive relief in their preferred forum.  Plaintiffs identify no reason why a change of venue is necessary to prevent immediate or irreparable injury.

Courts have, however, granted *ex parte* applications to remand in cases where jurisdiction is lacking.  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987); see *Colfin A1-CA4 LLC v. Clark*, No. EDCV 13–1162–CAS (SPx), 2013 WL 3967656, *1-2 (C.D. Cal. Aug. 1, 2013) (granting plaintiff's *ex parte* application to remand to state court because defendant's removal was untimely and the court lacked subject matter jurisdiction); *Federal Nat. Mortg. Ass'n v. Bravo*, No. CV 12–10375–CAS–(Ex), 2013 WL 210198, *1 (C.D. Cal. Jan. 17, 2013) (granting plaintiff's *ex parte* application to remand to state court because the court lacked subject matter jurisdiction); *U.S. Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC(MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) (same).

Here, defendant properly removed the case because plaintiffs alleged a federal claim under the Real Estate Settlement Procedures Act ("RESPA"), 26 U.S.C. §§ 2605 et seq.[8]  Thus, jurisdiction is not lacking.  *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (removal "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"); *id.* ("a plaintiff may not compel remand

---

[7]Application at 5.  Plaintiffs represent that Wells Fargo scheduled a non-judicial foreclosure sale for August 19, 2013.  (*Id.*)  It is not clear whether the sale took place, however, and the court suspects it did not, since no application for temporary restraining order was filed in this court.  Even if the sale proceeded, however, plaintiffs' application is not moot, since the remedy they seek – remand to state court – is still available.  *Earth Island Inst. v. United States Forest Serv.*, 442 F.3d 1147, 1157 (9th Cir. 2006) ("The question is not whether the precise relief sought at the time of the application . . . was filed is still available. The question is whether there can be any effective relief").

[8]Notice at 3.

by amending a complaint to eliminate the federal question upon which removal was based"); see also *Harris v. City of Seattle*, No. C02-2225P, 2004 WL 257625, *1 (W. D. Wash. Jan. 23, 2004) ("a federal court has the discretion to retain jurisdiction over state law claims even after the federal question basis for jurisdiction is dismissed"); *Millar v. Bay Area Rapid Transit Dist*, 236 F.Supp.2d 1110, 1116 (N.D. Cal. 2002) (noting that "if a case was properly removed, a plaintiff cannot thereafter oust the federal court of jurisdiction by unilaterally changing the case so as to destroy the ground upon which removal was based"); *Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-01106 SC, 2002 WL 137993, *2 (N.D. Cal. June 20, 2002) (noting that "[a] district court's subject matter jurisdiction is determined from the complaint at the time of removal, not as subsequently amended" (citations omitted)); *Kinder v. Citibank*, No. 99-CV-2500 W(JAH), 2000 WL 1409762, *2 (S.D. Cal. Sept. 14, 2000) (finding that "[p]laintiff . . . cannot divest the Court of subject matter jurisdiction by selectively dismissing claims that formed the basis for removal").

    C.    **Supplemental Jurisdiction**

Plaintiffs contend nonetheless that the court should remand the action because after Wells Fargo removed the case, they filed a second amended complaint that deleted the federal claim.[9] As noted, because removal was proper, the court has power to retain jurisdiction over supplemental state law claims that "are so related to [the federal] claim[ ] in the action that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction, however, is discretionary, not a matter of right. See *id.*, § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction"); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity. . . . These rules make clear that the district court had discretion to decline to exercise jurisdiction on the state law claims").

The "justification [for discretionary supplemental jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). See also *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("the doctrine of pendent jurisdiction . . . is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns"). In 1990, Congress enacted 28 U.S.C. § 1367 to codify the standard governing supplemental jurisdiction in civil actions commenced after December 1, 1990. One circumstance in which § 1367(c)(3) permits the "district court[ ] [to] decline to exercise supplemental jurisdiction over a [state-law] claim" is "if . . . the district court has dismissed all claims over which it has original

---

    [9]Application at 5.

jurisdiction."

In *Gibbs*, the Supreme Court noted two situations in which the factors of "judicial economy, convenience and fairness to litigants" will generally weigh strongly in favor of the dismissal of supplemental state law claims. See *Gibbs*, 383 U.S. at 726-27. It stated that as a general rule, courts should not exercise supplemental jurisdiction over state law claims if all federal claims have been dismissed before trial. *Id.* at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). See also *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim"). But see *Carnegie-Mellon*, 484 U.S. 350 n. 7 (noting that this is not a mandatory rule, but merely a recognition that, when all federal claims are dismissed, the balance often tips in favor of dismissal).[10]

The *Gibbs* Court also stated that "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27 (emphasis omitted). This holding is reflected in § 1367(c)(2), which authorizes dismissal when state law claims substantially predominate over the claim or claims falling within the court's original jurisdiction.

Wells Fargo contends the case should not be remanded. It asserts that plaintiffs are engaged in "nothing short of forum shopping as [they] would rather have an *ex parte* application for a temporary restraining order heard in the state court rather than in this Court."[11] In *Carnegie-Mellon*, 484 U.S. at 357, the Supreme Court noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* A number of courts, relying on *Carnegie-Mellon*, have concluded that evidence of forum-shopping supports denial of a plaintiff's motion to remand. See *Harris*, 2004 WL 257625 at *2 (concluding that "[p]laintiff's motion is unabashedly an attempt to forum shop. . . . [T]his Court does not countenance such blatant forum shopping. . . . Plaintiff has not presented any reason why remand is necessary. *Carnegie-Mellon* directs district courts to consider a plaintiff's obvious attempt to manipulate the forum in exercising its discretion to retain jurisdiction"); see also *Payne v. Parkchester North Condominiums*, 134 F.Supp.2d 582, 586-87 (S.D.N.Y. 2001) (denying plaintiff's motion to amend and remand, and noting that "[i]n the case at bar, this factor tends to persuade us to deny plaintiffs' motion to remand, for plaintiffs have manifestly resolved to manipulate their forum without any reasonable or fair justification"); *In re Bridgeston/Firestone, Inc.*, 128 F.Supp.2d 1198, 1202 (S.D.

---

[10] See also *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1990).

[11] Opposition at 2.

Ind. 2001) (concluding that the "elimination of . . . federal claims by amendment filed after the notice of removal does not warrant the remand of this action to state court").

The Ninth Circuit, however, has treated forum shopping in the context of removal and remand somewhat differently.  See *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) ("Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court.  The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum.  If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum.  Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal.  There was nothing manipulative about that straight-forward tactical decision. . .").

In reliance on *Baddie*, several courts in this circuit have concluded that allegations of forum-shopping do not preclude remand where a defendant fails to raise other viable concerns.  See *Gulinson v. Bank of Am., NA*, No. CV 12–495–PHX–JAT, 2012 WL 1609644, *2 (D. Ariz. May 7, 2012) (granting leave to amend, remanding, and observing that "even if Defendant's assertion that 'Plaintiff's proposed amendments are a purposeful effort to avoid federal jurisdiction tantamount to forum shopping,' is true, such alleged forum shopping does not come without a price, because by voluntarily abandoning her federal claims, Plaintiff has agreed that this Court can dismiss such claims with prejudice" (internal citations omitted)); *Deomampo v. Wells Fargo Bank*, No. C 09–1762 PJH, 2009 WL 1764533, *2 n. 2 (N.D. Cal. June 19, 2009) ("The court notes that while the request for remand may seem to smack of forum shopping, a plaintiff does not engage in impermissible forum shopping where he amends the complaint after removal to eliminate a federal claim in order to preserve the right to litigate in state court," citing *Baddie*, 64 F.3d at 491); *East Bay Drivers Ass'n v. Kaur*, No. C03–1241 SI, 2003 WL 21439216, *2 (N.D. Cal. June 9, 2003) (granting plaintiff's motion to amend and remand, and stating that "[a] plaintiff is entitled to file state and federal claims in a state court and a defendant is entitled to remove the action to federal court. . . .  Furthermore, the plaintiff is entitled to settle or dismiss certain claims with leave of the court," and seek remand); *Chow*, No. C–98–4619 PJH, 1999 WL 144873, *5 N.D. Cal. Feb. 22, 1999) (granting plaintiff's motion to amend and remand, and stating that "[e]xceptional circumstances or other compelling reasons under section 1367(a) . . . are not apparent from the pleadings.  Moreover, the court does not find that plaintiff has attempted to manipulate the forum.  The court finds rather that plaintiff has made a strategic decision to concentrate on her state law claims in an attempt to have them heard in state court.  This is not improper").

The court does not condone plaintiffs' attempt to secure a remand by filing an improper *ex parte* application.  The question of the discretionary exercise of supplemental jurisdiction, however, has now come to the court's attention.  Addressing that issue, it concludes that it is in the best interests of the parties to resolve whether the continued exercise of jurisdiction is appropriate without requiring the parties to file additional pleadings, i.e., a regularly noticed motion to remand and opposition thereto.

Plaintiffs initially filed this action in state court. They then filed a first amended complaint that included a federal claim. Wells Fargo removed the action on the basis of the federal claim asserted in the first amended complaint. At that point, exercising supplemental jurisdiction over the state law claims might well have been appropriate since the state claims were based on the same facts and circumstances as the federal claim. See 28 U.S.C. § 1367(a). Because plaintiffs subsequently filed a second amended complaint eliminating the federal claim, however, the cause of action on which the court's jurisdiction rested is now gone. Under § 1367(c)(3), therefore, the court can properly exercise its discretion to remand the supplemental state law claims. See 28 U.S.C. § 1367(c)(3) (the court may decline to exercise jurisdiction over supplemental claims when it "has dismissed all claims over which it has original jurisdiction"). See also *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

Because only state law claims remain, moreover, they clearly predominate over any federal issues; as a result, principles of comity also suggest that remand is appropriate. See *Millar*, 236 F.Supp.2d at 1119 (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); see also *Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) (noting that plaintiff "does not dispute, nor could he, that principles of comity will be well-served by allowing the state courts to resolve claims solely of state law"); *Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co.*, No. C 12–01421 SI, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) ("Here, the federal claims were eliminated at the pleading phase, and in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction and remands the remaining claims to state court" (internal citations omitted)); *Marcos v. Equity One Lenders Grp.*, No. C11–04000 HRL, 2011 WL 6225273, *2 (N.D. Cal. Dec. 14, 2011) ("Here, the court finds remand appropriate. This case is in its early stages. Few federal resources have been expended in determining the sufficiency of the pleadings as to the sole federal claim. The court finds no compelling reason to retain jurisdiction over the remaining state law claims, when the state courts are equally competent and more familiar with the governing law. Nor does this court find that litigating here is any more convenient to the parties than litigating in the state court"). In fact, even before dismissal of the RESPA claim, state law claims predominated. This provides an additional basis for declining to exercise jurisdiction over plaintiffs' state law claims. See *Gibbs*, 383 U.S. at 726-27

Because principles of judicial economy and comity weigh in plaintiffs' favor, however, the court cannot conclude that plaintiffs' efforts to dictate the forum where this litigation will proceed, in and of itself, require the exercise of jurisdiction over the remaining state law claims. Although remand is not mandatory, the Ninth Circuit in *Acri*, 114 F.3d 999, emphasized the Supreme Court's admonition that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of all factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 1001 (citing *Carnegie-Mellon*, 484 U.S. at 350 n. 7). Because the court can identify no other factor that favors retention of the supplemental claims, it grants plaintiffs' motion to remand.

### III. CONCLUSION

For the reasons stated, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. The court therefore directs the clerk to remand the action forthwith to Los Angeles Superior Court.